PETTYJOHN *et al.*

*v.*

BURSON *et al.*

(*Supreme Court of Appeals of Virginia, July 18, 1895.*)

[22 S. E. Rep. 508.]

Bill in Equity—Amendment.*

A complainant is not at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment, with new parties plaintiff and defendant.

Appeal from corporation court of city of Bristol; Rhea, Judge.

Bill by one Pettyjohn and others against Z. L. Burson and others. Decree for defendants, and complainants appeal. Affirmed.

*Hamilton & Sutherland,* for appellants.

*John E. Burson* and *Fulkerson, Page & Hurt,* for appellees.

KEITH, P., delivered the opinion of the court.

Pettyjohn, Holley, Barnes, and Dunn filed a bill in the corporation court of the city of Bristol, alleging that they sued for themselves and others, partners doing business under the firm name of the Bristol Joint-Stock Tobacco Warehouse Company, who shall come in and contribute to the cost of this suit. It ap-

---

*See monographic note on "Amended Bills" appended to Belton *v.* Apperson, 26 Gratt. 207 (Va. Rep. Anno.).

pears that the parties named as plaintiffs, acting as a committee for the partnership, purchased of Z. L. Burson, also a member of the firm, a lot of ground in the city of Bristol, on the 15th day of June, 1877, for the sum of $1,200, made certain payments thereon, and, being unable to complete the purchase, Burson brought a suit in chancery against an incorporated company known as the Planters' Tobacco Warehouse Company of Bristol, in 1881, in which such proceedings were had that a special commissioner was appointed, who reconveyed the lot in question to Burson. The bill alleges that this suit was instituted without the knowledge of the plaintiff; that the property belonged to the partnership above named, and not to the incorporated company; and that neither the partnership nor the individual members had any notice or knowledge of the suit; and that the proceedings therein constitute a fraud upon their rights, and are, as to them, null and void. They pray for a specific performance of the contract of sale, and an account of rents, and for general relief. To this bill there was a demurrer, which demurrer was sustained, with leave to the plaintiffs to file an amended bill. An amended bill was filed, which makes new parties plaintiff and defendant. It alleges new matter, prays for a settlement of partnership accounts, and altogether makes a wholly new case. To this bill as amended defendant Burson demurred, and the court sustained the demurrer, and dismissed the bill. The appellants at another day asked leave to amend their amended bill, but, it appearing that the leave to amend was not asked for the purpose of bringing in new parties, but to allege new matter, it was ordered and decreed that the motion be overruled. The cause was then stricken from the docket, and the plaintiffs in the court below appealed.

They assign as errors the refusal of the court to allow petitioners again to amend their bill, and the dismissal of bill upon demurrer. The first bill was wholly insufficient in law to entitle the parties named as plaintiffs to the relief asked for, and the court was clearly right in sustaining the demurrer, nor

is this action of the court alleged to be erroneous. Upon the coming in of the amended bill, defendants demurred, because (as we have seen in the statement of facts) the effort in that bill was under cover of an amendment to institute an entirely new suit,—a suit with new parties plaintiff and defendant, a new suit as to its recital of fact, and as to the relief sought. Presumably the court below sustained the demurrer upon this ground, and the cases cited by counsel for appellees furnish abundant authority for its action. Chancery pleading and practice have, it is true, been greatly relaxed, and nowhere have courts been more liberal in allowing amendments to bills of complaint than in Virginia, and in Virginia no case has gone further in that direction than that of Belton v. Apperson, reported in 26 Grat. 207 ; but even in that case the court says that the complainant will not be permitted to abandon the entire case made by the original bill, and make a new and different case by the amendment. Without intending to question the authority of Belton v. Apperson, which is not at all in conflict with the decree rendered by the corporation court of the city of Bristol in this case, we may refer with approval to the opinion of the supreme court of the United States in Shields v. Barrow, 17 How. 130, where the law upon this subject is stated in an eminently clear and satisfactory manner. Mr. Justice Curtis, delivering the opinion of the court, says : "Amendments can only be allowed when the bill is defective in proper parties, in its prayer for relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself, or for putting in issue new matter to meet allegations in the answer ;" "but the complainant is not at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment. Under the privilege of amending a bill, a party is not to be permitted to make a new bill." We are of opinion that there is no error in the decree complained of, and it must be affirmed.